## Appropriations to Boards of Health.

*Health law—Boards of health—Failure of council or commissioners to make appropriations—Act of June 12, 1913.*

The mere failure of the council of a borough or of the commissioners of a first class township to make an appropriation to the board of health for the administration of health laws, regulations and ordinances, is not in itself sufficient cause for the Commissioner of Health to take charge of the local health administration under the provisions of the Act of June 12, 1913, P. L. 471.

Attorney's-General Department. Opinion to Col. Edward Martin, Commissioner of Health.

HULL, Dep. Att'y-Gen., Dec. 10, 1921.—This department is in receipt of your recent letter, inquiring whether the mere failure of the council of a borough or of the commissioners of a first-class township to make an appropriation to the board of health for the administration of health laws, regulations and ordinances is in itself sufficient cause for the Commissioner of Health to take charge of the local health administration under the provisions of the Act of June 12, 1913, P. L. 471. I am of the opinion that it is not.

Section 10 of that act provides that the Commissioner of Health may take full charge of the administration of health laws in any borough or township of the first class, (1) whenever, in his opinion, "conditions found by him to exist in any borough or township of the first class in this Commonwealth shall constitute a menace to the lives and health of people living outside the corporate limits;" or (2) "if it be known to him that any borough or township of the first class is without an existing or efficient board of health."

Neither of these conditions precedent is met by the mere failure of the council or commissioners to appropriate money. Such failure is not in itself a menace to the lives and health of people living outside the corporate limits, nor would it necessarily and inevitably result in the local district being without an efficient board of health. An efficient board is one acting or having power to act effectually, one actually producing results. It would be possible, although perhaps not probable, for a board of health to secure necessary funds by enlisting the support of public-spirited citizens and of private organizations or corporations interested in the public welfare, and thereby to administer the health laws effectively without any aid from the council or commissioners. In such case it could not be said that the board of health was not efficient, was not acting effectively. Under the act of assembly, the intervention of the Commissioner of Health is authorized only when the local board of

health is not effectively enforcing the health laws. If, however, the board of health, by reason of the lack of appropriations, should fail to function efficiently, it would be the duty of the Commissioner of Health to take charge immediately.

I, therefore, advise you that the mere failure of the council of a borough or the commissioners of a first-class township to make an appropriation to the board of health for the administration of health laws, regulations and ordinances is not in itself sufficient cause for the Commissioner of Health to take charge of the local health administration under the provisions of the Act of June 12, 1913, P. L. 471.

From Guy H. Davies, Harrisburg, Pa.